UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROY LAFLEUR                                                                   CIVIL ACTION

VERSUS                                                                        NO: 10-363-LMA-SS

WESTWEGO CITY, et al

### ORDER

PLAINTIFF'S MOTION TO COMPEL (Rec. doc. 74)

    **DENIED**

PLAINTIFF'S MOTION TO STRIKE (Rec. doc. 85)

    **DENIED**

PLAINTIFF'S MOTION TO COMPEL PHOTOGRAPHS (Rec. doc. 86)

    **GRANTED IN PART AND DENIED IN PART**

The plaintiff, Roy Lafleur ("Lafleur"), is proceeding in proper person. A description of his allegations is found in the District Judge's order and reasons of July 29, 2010, concerning defendants' motion to dismiss. Rec. doc. 30. He has filed three discovery motions.

### MOTION TO COMPEL

Lafleur served interrogatories on one of the defendants, Joe Peoples ("Peoples"), on November 18, 2010. Responses were served on December 13, 2010. Lafleur urges that:

> Under said rules, defendants are required to provide requested information which they were totally abject and blatantly and purposefully responsible for such withholding and omissions. A calculated effort was made to either withhold same and further attempted to justify same by stating request forwarded to defendants for said information was accepted by fraudulent signature.

Rec. doc. 74  Two interrogatories are at issue in the motion to compel.

Interrogatory no. 22.

    Did you receive USPS certified letters requesting information of your visitation to 350 Avenue C. Westwego?

Response.

    Defendant objects to this Interrogatory as vague, ambiguous and overbroad. Subject to said objection and without waiving same, defendant acknowledges he did receive letters regarding his visit with Ms. Dufrene. The first letter received was sent by certified mail, but was placed in defendant's mailbox with defendant's signature forged. Defendant reported this forgery to the Westwego Police Department and the USPS and it is currently under investigation. No other certified letters were received by defendant regarding his visit with Ms. Dufrene.

Interrogatory no. 23.

    Mr. Peoples, please provide a copy of information or response to question number 22. If no response was made by you, please explain why.

Response.

    Defendant objects to this Interrogatory in that it calls for the production of documents, which is inappropriate for an Interrogatory and contains an impermissible number of subparts. Subject to said objection and without waiving same, the only certified letter received by defendant contained a forgery of defendant's signature, which has been reported to the Westwego Police Department and the USPS and remains under investigation. Moreover, any letters sent by plaintiff to defendant should be in possession of plaintiff. Finally, defendant chose not to respond to the certified letter received because of the forgery referenced herein and because defendant believed no response was necessary or warranted.

    Copies of the letters are not attached to Lafleur's motion or the opposition to the motion. The discovery indicates that the letters concerned Lafleur's allegation that Peoples intruded upon his residence and asked intimidating questions. Rec. doc. 30 at 1. The responses to interrogatory nos. 22 and 23 are satisfactory. Irene Dufrene was deposed on October 12, 2010 and questioned about the incident referred to in Lafleur's allegations. Rec. doc. 82 (Exhibit).

## MOTION TO STRIKE

Lafleur requests that his deposition be struck from the record. He contends that during the deposition the defendants used records from a divorce proceeding to impeach his credibility and represent him in an unfavorable light. Lafleur alleges issues about the divorce documents and contends that the defendants' use of the records was improper. Lafleur will be able to rebut the evidence of the divorce proceeding at the trial. If the defendants make use of the information in support of a motion for summary judgment, he may submit an affidavit or other evidence to rebut the documents from the divorce proceeding. There is no basis to strike the deposition from the record.

## MOTION TO COMPEL PHOTOGRAPHS

On January 10, 2011, the defendants filed an exhibit list which includes photographs of 1595 Highway 90, Westwego, Louisiana. Rec. doc. 78. Lafleur seeks: (1) the photos; (2) the dates on which they were taken and processed; (3) the photographer; and (4) the processor.

IT IS ORDERED as follows:

1. Lafleur's motion to compel (Rec. doc. 74) is DENIED.

2. Lafleur's motion to strike (Rec. doc. 85) is DENIED.

3. Lafleur's motion to compel photographs (Rec. doc. 86) is GRANTED in PART and DENIED in PART.

4. **Within fourteen (14) calendar days of the entry of this order**, the defendants shall provide Lafleur with: (a) copies of the photographs of 1595 Highway 90, Westwego, Louisiana; (b) the date the photographs were taken; and (c) the name and business address of the person, who took the photographs.

New Orleans, Louisiana this 1st day of February, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**